D. Michael Lynn
State Bar I.D. No. 12736500
John Y. Bonds, III
State Bar I.D. No. 02589100
John T. Wilson, IV
State Bar I.D. No. 24033344
Bryan C. Assink
State Bar I.D. No. 24089009
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile

**ATTORNEYS FOR APPELLANT JAMES DONDERO**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** § | | **Case No. 19-34054** |
| § | | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.** § | | **Chapter 11** |
| § | | |
| Debtor. § | | |

| | | |
|---|---|---|
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** § | | |
| § | | |
| Plaintiff. § | | |
| § | | |
| v. § | | **Adversary No. 20-03190** |
| § | | |
| **JAMES D. DONDERO,** § | | |
| § | | |
| Defendant. § | | |

### APPELLANT JAMES DONDERO'S MOTION FOR LEAVE TO APPEAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

James D. Dondero ("Appellant"), the defendant in the above-captioned adversary proceeding and appellant in connection with the Notice of Appeal filed concurrently herewith, hereby, in the alternative and in the event the District Court finds that leave to appeal the

Preliminary Injunction[1] is required, files this *Motion for Leave to Appeal* (the "Motion") pursuant to Rules 8002 and 8004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and 28 U.S.C. § 158(a)(3). In support thereof, Appellant respectfully represents as follows:

### I. BACKGROUND

1. On October 16, 2019 (the "Petition Date"), Highland Capital Management, L.P. (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the U.S. Bankruptcy Court for the District of Delaware, Case No. 19-12239 (CSS) (the "Delaware Court").

2. On October 29, 2019, the Official Committee of Unsecured Creditors (the "Committee") was appointed by the U.S. trustee in Delaware.

3. On December 4, 2019, the Delaware Court entered an order transferring venue of the Debtor's Bankruptcy Case to this Court [Docket No. 186].

4. On December 27, 2019, the Debtor filed that certain *Motion of the Debtor for Approval of Settlement with the Official Committee of Unsecured Creditors Regarding Governance of the Debtor and Procedures for Operations in the Ordinary Course* [Docket No. 281] (the "Settlement Motion"). This Court approved the Settlement Motion on January 9, 2020 [Docket No. 339] (the "Settlement Order").

5. In connection with the Settlement Order, an independent board of directors was appointed on January 9, 2020, for the Debtor's general partner, Strand Advisors, Inc. (the "Board"). The members of the Board are James P. Seery, Jr., John S. Dubel, and Russell F. Nelms. Mr. Seery was later retained as the Debtor's Chief Executive Officer.

6. On December 7, 2020, the Debtor commenced this adversary proceeding by filing

---

[1] As defined below.

*Plaintiff Highland Capital Management, L.P.'s Verified Original Complaint for Injunctive Relief* [Adv. Dkt. 1] (the "Complaint").

7. Also on December 7, 2020, the Debtor filed *Plaintiff Highland Capital Management, L.P.'s Emergency Motion for a Temporary Restraining Order and Preliminary Injunction Against Mr. James Dondero* [Adv. Dkt. 2] (the "TRO Motion").

8. On December 10, 2020, this Court conducted a hearing and granted the TRO Motion. Later that day, the Court entered the *Order Granting Debtor's Motion for a Temporary Restraining Order Against James Dondero* [Adv. Dkt. 10] (the "TRO").

9. On December 11, 2020, this Court entered the *Order Regarding Adversary Proceedings Trial Setting and Alternative Scheduling Order* [Adv. Dkt. 18] (the "Scheduling Order").

10. On December 11, 2020, the Court issued the summons of the Complaint. Defendant's deadline to file his answer or other response to the Complaint is Monday, January 11, 2021.

11. On December 11, 2020, the Court set the hearing on Debtor's motion for a preliminary injunction for January 4, 2021 at 1:30 p.m.

12. On December 16, 2020, the Defendant filed his Emergency Motion to Modify the TRO, through which the Defendant was seeking to have the Court modify the terms of the TRO so that Defendant could speak with the Board directly to further advocate for his Pot Plan that would, if adopted, see the Debtor continue to operate as a going concern.

13. The motion was thereafter set by the Court for hearing on January 4, 2021 at 1:30 p.m. Because of the scheduled hearing date, the Defendant believed that the motion was rendered moot and he therefore withdrew the motion on December 23, 2020.

14. On January 7, 2021, Dondero filed *James Dondero's Response in Opposition to Debtor's Motion for a Preliminary Injunction* [Adv. Dkt. 52].

15. On January 8, 2021, the Court conducted a hearing on Debtor's motion for a preliminary injunction and found that a preliminary injunction should be entered against Appellant.

16. On January 11, 2021, Appellant filed his answer to the Complaint.

17. On January 12, 2021, the Court entered its *Order Granting Debtor's Motion for a Preliminary Injunction Against James Dondero* [Adv. Dkt. 59] (the "Preliminary Injunction"). A true and correct copy of the Preliminary Injunction is attached hereto as "**Exhibit A**."

18. Among other things, the Preliminary Injunction enjoins and restrains Appellant from "(a) communicating (whether orally, in writing, or otherwise), directly or indirectly, with any Board member unless Mr. Dondero's counsel and counsel for the Debtor are included in any such communication, (b) making any express or implied threats of any nature against the Debtor or any of its directors, officers, employees, professionals, or agents, in whatever capacity they are acting, (c) communicating with any of the Debtor's employees, except as it specifically relates to shared services currently provided to affiliates owned or controlled by Mr. Dondero; (d) interfering with or otherwise impeding, directly or indirectly, the Debtor's business, including but not limited to the Debtor's decisions concerning its operations, management, treatment of claims, disposition of assets owned, controlled or managed by the Debtor, and the pursuit of the Plan or any alternative to the Plan; and (e) otherwise violating section 362(a) of the Bankruptcy Code (collectively, the "Prohibited Conduct")."

19. The Preliminary Injunction also purports to restrain Appellant from taking other actions, including "from causing, encouraging, or conspiring with (a) any entity owned or controlled by him, and/or (b) any person or entity acting with him or on his behalf, to, directly or

indirectly, engage in any Prohibited Conduct."

20. The Preliminary Injunction also prevents Appellant from speaking with two former employees of the Debtor and from entering Debtor's office space or using any of the Debtor's computer, email, or information systems.

21. Finally, during the preliminary injunction hearing, the Court ordered Appellant to attend all future hearings in the Bankruptcy Case despite no party having requested this relief in connection with the Motion or during the hearing.

## II.  RELIEF REQUESTED AND BASIS FOR RELIEF

22. In the alternative, and to the extent the District Court finds that leave to appeal the Preliminary Injunction is required, the District Court should grant Appellant leave to appeal the Preliminary Injunction pursuant to 28 U.S.C. §158(a)(3) and Rules 8002 and 8004 of the Federal Rules of Bankruptcy Procedure.

23. Good cause exists to grant Appellant leave to appeal the Preliminary Injunction. The injunction, which effectively permanently fixes Appellant's rights in the bankruptcy case, is overbroad, nonspecific, and inconsistent with applicable law. Among other things, the injunction violates Appellant's First Amendment rights by prohibiting all communication of any nature between Appellant and the Debtor's employees. The injunction's other restrictions are also overbroad, unclear as to the specific acts restrained, and potentially unlimited in scope. Granting leave to appeal will advance the litigation and allow for prompt review of the legal questions raised by or in the Preliminary Injunction.

24. Given the broad restrictions contained in the Preliminary Injunction, including the restriction on Appellant's First Amendment rights and the potentially limitless scope of the injunction, relief from the restrictions as soon as practicable is warranted.

## CONCLUSION

For the foregoing reasons, Appellant respectfully requests that, in the event that the District Court finds that leave to appeal the Preliminary Injunction is required, the District Court (i) enter an order granting this Motion, (ii) provide Appellant with leave to appeal the Preliminary Injunction, (iii) consider the appeal and relief requested as soon as practicable, and (iv) provide Appellant such other and further relief to which he may be justly entitled.

Dated: January 13, 2021

Respectfully submitted,

*/s/ Bryan C. Assink*
D. Michael Lynn
State Bar I.D. No. 12736500
John Y. Bonds, III
State Bar I.D. No. 02589100
John T. Wilson, IV
State Bar I.D. No. 24033344
Bryan C. Assink
State Bar I.D. No. 24089009
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: michael.lynn@bondsellis.com
Email: john@bondsellis.com
Email: john.wilson@bondsellis.com
Email: bryan.assink@bondsellis.com

**ATTORNEYS FOR APPELLANT JAMES DONDERO**

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that, on January 13, 2021, a true and correct copy of the foregoing document was served via the Court's CM/ECF system on counsel for the Plaintiff and on all other parties requesting or consenting to such service in this case.

*/s/ Bryan C. Assink*
Bryan C. Assink



**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

**Signed January 11, 2021**

_____
**United States Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,[1]<br><br>Debtor. | § Chapter 11<br>§<br>§ Case No. 19-34054-sgj11<br>§ |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES D. DONDERO,<br><br>Defendant. | § Adversary Proceeding No.<br>§<br>§ No. 20-03190-sgj<br>§ |

## ORDER GRANTING DEBTOR'S MOTION FOR A PRELIMINARY INJUNCTION AGAINST JAMES DONDERO

This matter having come before the Court on *Plaintiff Highland Capital Management,*

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.



EXHIBIT A

*L.P.'s Emergency Motion for a Temporary Restraining Order and Preliminary Injunction against Mr. James Dondero* [Adv. Pro. Docket No. 2] (the "Motion"), filed by Highland Capital Management, L.P., the debtor and debtor-in-possession (the "Debtor") in the above-captioned chapter 11 case (the "Bankruptcy Case"), and the plaintiff in the above-captioned adversary proceeding (the "Adversary Proceeding"); and this Court having considered (a) the Motion, (b) *Plaintiff Highland Capital Management, L.P.'s Verified Original Complaint for Injunctive Relief* [Adv. Pro. Docket No. 1] (the "Complaint"), (c) the arguments and law cited in the *Debtor's Amended Memorandum of Law in Support of its Motion for a Temporary Restraining Order and Preliminary Injunction against Mr. James Dondero* [Adv. Pro. Docket No. 3] (the "Memorandum of Law," and together with the Motion and Complaint, the "Debtor's Papers"), (d) *James Dondero's Response in Opposition to Debtor's Motion for a Preliminary Injunction* [Adv. Pro. Docket No. 52] (the "Opposition") filed by James Dondero, (e) the testimonial and documentary evidence admitted into evidence during the hearing held on January 8, 2021 (the "Hearing"), including assessing the credibility of Mr. James Dondero, (f) the arguments made during the Hearing, and (g) all prior proceedings relating to the Motion, including the December 10, 2020 hearing on the *Debtor's Motion for a Temporary Restraining Order and Preliminary Injunction against James Dondero* [Adv. Pro. Docket No. 6] (the "TRO Hearing"); and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that injunctive relief is warranted under sections 105(a) and 362(a) of the Bankruptcy Code and that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties-in-interest;

2

and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate and that no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Debtor's Papers, and the evidence submitted in support thereof, establish good cause for the relief granted herein, and that (1) such relief is necessary to avoid immediate and irreparable harm to the Debtor's estate and reorganization process; (2) the Debtor is likely to succeed on the merits of its underlying claim for injunctive relief; (3) the balance of the equities tip in the Debtor's favor; and (4) such relief serves the public interest; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor and for the reasons set forth in the record on this Motion, it is **HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** as set forth herein.

2. James Dondero is preliminarily enjoined and restrained from (a) communicating (whether orally, in writing, or otherwise), directly or indirectly, with any Board member unless Mr. Dondero's counsel and counsel for the Debtor are included in any such communication; (b) making any express or implied threats of any nature against the Debtor or any of its directors, officers, employees, professionals, or agents, in whatever capacity they are acting; (c) communicating with any of the Debtor's employees, except as it specifically relates to shared services currently provided to affiliates owned or controlled by Mr. Dondero; (d) interfering with or otherwise impeding, directly or indirectly, the Debtor's business, including but not limited to the Debtor's decisions concerning its operations, management, treatment of claims, disposition of assets owned, controlled or managed by the Debtor, and the pursuit of the Plan or any

DOCS_NY:41944.3 36027/002

alternative to the Plan; and (e) otherwise violating section 362(a) of the Bankruptcy Code (collectively, the "Prohibited Conduct").[2]

3. James Dondero is further preliminarily enjoined and restrained from causing, encouraging, or conspiring with (a) any entity owned or controlled by him, and/or (b) any person or entity acting with him or on his behalf, to, directly or indirectly, engage in any Prohibited Conduct.

4. James Dondero is further preliminarily enjoined and restrained from communicating (in person, telephonically, by e-mail, text message or otherwise) with Scott Ellington and/or Isaac Leventon, unless otherwise ordered by the Court.

5. James Dondero is further preliminarily enjoined and restrained from physically entering, or virtually entering through the Debtor's computer, email, or information systems, the Debtor's offices located at Crescent Court in Dallas, Texas, or any other offices or facilities owned or leased by the Debtor, regardless of any agreements, subleases, or otherwise, held by the Debtor's affiliates or entities owned or controlled by Mr. Dondero, without the prior written permission of Debtor's counsel made to Mr. Dondero's counsel. If Mr. Dondero enters the Debtor's office or other facilities or systems without such permission, such entrance will constitute trespass.

6. James Dondero is ordered to attend all future hearings in this Bankruptcy Case by Webex (or whatever other video platform is utilized by the Court), unless otherwise ordered by the Court.

7. This Order shall remain in effect until the date that any plan of reorganization or liquidation resolving the Debtor's case becomes effective, unless otherwise ordered by the Court.

---

[2] For the avoidance of doubt, this Order does not enjoin or restrain Mr. Dondero from (1) seeking judicial relief upon proper notice or from objecting to any motion filed in this Bankruptcy Case, or (2) communicating with the committee of unsecured creditors (the "UCC") and its professionals regarding a pot plan.

4

8.  All objections to the Motion are overruled in their entirety.

9.  The Court shall retain exclusive jurisdiction with respect to all matters arising from or relating to the implementation, interpretation, and enforcement of this Order.

### END OF ORDER ###