D. Michael Lynn
State Bar I.D. No. 12736500
John Y. Bonds, III
State Bar I.D. No. 02589100
John T. Wilson, IV
State Bar I.D. No. 24033344
Bryan C. Assink
State Bar I.D. No. 24089009
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile

ATTORNEYS FOR APPELLANT JAMES DONDERO

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 19-34054 |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.** | § | **Chapter 11** |
| | § | |
| Debtor. | § | |

| | | |
|---|---|---|
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | |
| | § | |
| Plaintiff. | § | |
| v. | § | **Adversary No. 20-03190** |
| | § | |
| **JAMES D. DONDERO,** | § | |
| | § | |
| Defendant. | § | |

| | | |
|---|---|---|
| **JAMES DONDERO,** | § | |
| | § | |
| Appellant, | § | |
| v. | § | |
| | § | **Civil Action No.** |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | **3:21-cv-00132-E** |
| | § | |
| Appellee. | § | |

## APPELLANT JAMES DONDERO'S EMERGENCY
## <u>MOTION FOR EXPEDITED APPEAL</u>

TO THE HONORABLE ADA BROWN,
UNITED STATES DISTRICT JUDGE:

James D. Dondero ("Appellant"), the defendant in the above-captioned adversary proceeding and appellant in connection with this appeal, hereby files *Appellant James Dondero's Emergency Motion for Expedited Appeal* (the "Motion") pursuant to Rule 8013 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").[1] In support thereof, Appellant respectfully represents as follows:

## I.   BACKGROUND

1.      On October 16, 2019 (the "Petition Date"), Highland Capital Management, L.P. (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the U.S. Bankruptcy Court for the District of Delaware, Case No. 19-12239 (CSS) (the "Delaware Court").

2.      On October 29, 2019, the Official Committee of Unsecured Creditors (the "Committee") was appointed by the U.S. trustee in Delaware.

3.      On December 4, 2019, the Delaware Court entered an order transferring venue of the Debtor's Bankruptcy Case to this Court [Docket No. 186].

4.      Appellant is the Debtor's co-founder. As of the Petition Date, Appellant was the Debtor's CEO and the President of Strand Advisors, Inc., the Debtor's General Partner. In January 2020, under the terms of a settlement, Appellant was replaced by an independent board of directors (the "Board"). The members of the Board are James P. Seery, Jr., John S. Dubel, and Russell F. Nelms. Mr. Seery was later retained as the Debtor's Chief Executive Officer.

5.      On December 7, 2020, the Debtor commenced this adversary proceeding by filing

---

[1] In support of this Motion and request for emergency consideration, attached hereto as "**Exhibit B**" is the Declaration of Bryan C. Assink in Support of Appellant James Dondero's Emergency Motion for Expedited Appeal.

*Plaintiff Highland Capital Management, L.P.'s Verified Original Complaint for Injunctive Relief* [Adv. Dkt. 1] (the "Complaint").

6.      Also on December 7, 2020, the Debtor filed *Plaintiff Highland Capital Management, L.P.'s Emergency Motion for a Temporary Restraining Order and Preliminary Injunction Against Mr. James Dondero* [Adv. Dkt. 2] (the "TRO Motion").

7.      On December 10, 2020, this Court conducted a hearing and granted the TRO Motion. Later that day, the Court entered the *Order Granting Debtor's Motion for a Temporary Restraining Order Against James Dondero* [Adv. Dkt. 10] (the "TRO").

8.      On January 8, 2021, the Court conducted a hearing on Debtor's motion for a preliminary injunction and found that a preliminary injunction should be entered against Appellant.[2]

9.      On January 12, 2021, the Court entered its *Order Granting Debtor's Motion for a Preliminary Injunction Against James Dondero* [Adv. Dkt. 59] (the "Preliminary Injunction"). A true and correct copy of the Preliminary Injunction is attached hereto as "**Exhibit A**."

10.     Among other things, the Preliminary Injunction enjoins and restrains Appellant from a wide variety of both "direct and indirect" conduct, including from (i) communicating in any respect with any of the Debtor's employees except as it specifically relates to shared services currently provided to affiliates owned or controlled by Appellant; (ii) interfering with or otherwise impeding, directly or indirectly, the Debtor's business; and (iii) otherwise violating section 362(a) of the Bankruptcy Code.

11.     The Preliminary Injunction also prevents Appellant from speaking with two former employees of the Debtor, despite the fact that these individuals are no longer employed with the

---

[2] The hearing transcript is voluminous and therefore is not being attached to this Motion. Such transcript or other documents will be provided upon request.

Debtor and are friends of the Appellant.

12.     On January 12, 2021, the same day the Preliminary Injunction was entered, Appellant filed with the Bankruptcy Court the *Notice of Appeal as of Right or, Alternatively, Notice of Appeal with Motion for Leave to Appeal* [Adv. Dkt. 60]. The following day, the Bankruptcy Clerk instructed Appellant to separately file the notice of appeal and the motion for leave to appeal.

13.     Accordingly, on January 13, 2021, Appellant filed the *Amended Notice of Appeal as of Right or, Alternatively, Notice of Appeal with Motion for Leave to Appeal* [Adv. Dkt. 63] and *Appellant James Dondero's Motion for Leave to Appeal* [Adv. Dkt. 64].

14.     On January 20, 2021, the Bankruptcy Clerk transmitted the amended notice of appeal and motion for leave to this Court and docketed this appeal.

## II.     RELIEF REQUESTED AND BASIS FOR RELIEF

15.     Bankruptcy Rule 8013 provides that a party may file a motion to expedite an appeal, which, if granted, may accelerate the time to transmit the record, the deadline for filing briefs and other documents, oral argument, and the resolution of the appeal. *See* Fed. R. Bankr. P. 8013(a)(2)(B). A motion to expedite an appeal may also be filed as an emergency motion. *Id.*

16.     Similarly, under 28 U.S.C. § 1657(a), "the court shall expedite consideration of . . . any action for temporary or preliminary injunctive relief" and may "expedite the consideration of any . . . action if good cause therefor is shown." "[G]ood cause is shown if a right under . . . a Federal Statute . . . would be maintained in a factual context that indicates that a request for expedited consideration has merit." *Id.*

17.     Rule 65(d) of the Federal Rules of Civil Procedure provides that "[e]very order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or

other document, the act or acts sought to be restrained."

18.     Case law makes clear that injunctions that are not specific and are over broad violate Rule 65 and should be dissolved. *See, e.g.*, *Corica v. Ragen*, 140 F.2d 496, 499 (7th Cir. 1944), (dissolving a preliminary injunction "because it is too broad and sweeping" and "enjoins defendants without limiting the restraint to unlawful acts of defendants."). The specificity requirement "ensures that a party who is restrained by a preliminary injunction knows clearly what conduct is being restrained and why." *MillerCoors LLC v. Anheuser-Busch Cos., LLC*, 940 F.3d 922, 924 (7th Cir. 2019).

19.     Here, the District Court should expedite the resolution of this appeal and reverse the Preliminary Injunction because the Preliminary Injunction is overbroad, lacking in specificity, not in compliance with applicable law, and does not provide clear notice to Appellant on the acts restrained. Moreover, the purpose of the injunction is to prevent Appellant from exercising his legal rights in connection with the impending confirmation of Debtor's Fifth Amended Plan of Reorganization (the "Plan"), which is set for February 2, 2021.

20.     There are three primary reasons why good cause exists to expedite this appeal and to consider this Motion on an emergency basis: (i) the injunction is designed to prevent Appellant from exercising his legal rights in connection with the Debtor's Plan, and the confirmation hearing is set to occur on February 2, 2021; (ii) the injunction unlawfully restricts Appellant's First Amendment right to freedom of speech by preventing him from communicating in any way[3] with the Debtor's employees and certain of the Debtor's former employees; and (iii) the injunction is over broad, non-specific, vague, unclear as to the acts restrained, and improperly prevents Appellant and third parties from exercising their legal rights in connection with this case and

---

[3] Other than as to communication under the Shared Services agreements between the Debtor and certain of Appellant's related entities.

elsewhere.

21.    First, timing is critical because the Preliminary Injunction effectively permanently fixes Appellant's rights in the bankruptcy case and prevents Appellant from exercising his legal rights in connection with the impending confirmation of Debtor's Plan. The Preliminary Injunction enjoins the Prohibited Conduct through the Effective Date of Debtor's confirmed Plan. The hearing on confirmation of Debtor's Plan is set to commence on February 2, 2021, and the Effective Date of the Plan, if confirmed, is anticipated to be in March. The timing is significant because the injunction improperly does, or purports, to, enjoin Appellant from a wide variety of "direct or indirect" conduct that may prevent him and his related parties from properly exercising their legal rights in connection with Plan confirmation and the bankruptcy case, including from "interfering with or otherwise impeding, directly or indirectly, the Debtor's business including but not limited to . . . the [Debtor's] pursuit of the Plan."

22.    Second, the scope of the injunction restricting Appellant's communication with the Debtor's employees is too broad and impairs Appellant's freedom of speech under the First Amendment to the U.S. Constitution. The Supreme Court has directed judges to scrutinize injunctions restricting speech carefully and ensure that they are "no broader than necessary to achieve [their] desired goals. *Madsen v. Women's Health Ctr.*, 512 U.S. 753, 764-65, 114 S. Ct. 2516 (1994). Here, the scope of this provision of the injunction is too broad because it restricts all communications, of any kind, and of any nature, between Appellant and anyone employed by the Debtor (except as it relates to the shared services agreements). Accordingly, the injunction is overbroad because, at minimum, it fails to allow Appellant to (i) communicate with Debtor's employees on personal or other routine matters unrelated to the Debtor's business or the bankruptcy case; (ii) communicate with employees of the Debtor who also serve in other capacities

for Appellant, such as his personal assistants under the shared services agreements; and to (iii) communicate with employees of the Debtor once their employment with the Debtor ceases. *See Carroll v. President & Comm'rs of Princess Anne*, 393 U.S. 175, 183 (1968) ("An order issued in the area of First Amendment rights must be couched in the narrowest terms that will accomplish the pin-pointed objective permitted.").

23.     Third, the Preliminary Injunction is too broad, vague, and nonspecific and unlawfully may, or purport to, restrict Appellant and certain of his related entities from pursuing their legal rights in connection with the bankruptcy case. For example, the provision of the injunction that prohibits Appellant from "interfering with or otherwise impeding, directly or indirectly, with the Debtor's business, including but not limited to the Debtor's decisions concerning its operations, management, treatment of claims, disposition of assets owned or controlled by the Debtor, and pursuit of the Plan or any alternative to the Plan." does not list specific acts that are to be restrained. Rather, it lists broad, generalized categories related to the administration of the Debtor's estate and then enjoins Appellant from "directly or indirectly" interfering with such administrative actions.

24.     The imminent danger of this broad, unspecific provision is apparent as evidenced by recent allegations made by the Debtor. The Debtor has asserted that neither Appellant nor his related parties may take certain legal positions in connection with the bankruptcy case because such actions "directly or indirectly" interfere with the Debtor's business. Among other things, the Debtor has asserted that attorneys for entities related to Appellant may not send letters to the Debtor asserting certain legal positions because such actions "interfere" with the Debtor's business. This despite no concrete action having been taken by these entities after the letters were sent. While the injunction does not say that the Appellant's related entities may not send letters

from their counsel to Debtor's counsel, the Debtor has asserted that these entities sending such letters caused Appellant to violate the TRO (which in this instance is substantially the same as the injunction) as falling under this broad category of "direct or indirect" interference.[4] Plainly put, neither Appellant nor his related entities have fair notice of the acts restrained, especially if the Debtor is going to try to hold Appellant in contempt for two letters exchanged between counsel for third parties.

25.     Accordingly, as written this provision is far too broad, vague, and nonspecific and restricts Appellant's ability to exercise his legal rights in this case, including (i) his pursuit of an alternative plan that would see the Debtor survive as a going concern, rather than the liquidation proposed under the Debtor's Plan; (ii) communicating or coordinating with others regarding the terms of an alternative plan or a means to see the Debtor survive as a going concern; and (iii) the pursuit of any other legal rights he may have. This provision of the injunction is potentially limitless in scope and, as demonstrated, is being utilized by the Debtor as a weapon to prevent Appellant from exercising his lawful rights under threat of contempt.

26.     Moreover, this provision of the injunction prevents Appellant from engaging in other lawful conduct and fulfilling certain of his duties and responsibilities to third parties. For example, the Appellant is an investor in many funds managed by the Debtor and the injunction is barring him from acting in that capacity. He also sits on the board of some funds and the injunction bars him from acting in that capacity and in fulfilling his fiduciary duties to the investors.

27.     Similarly, the provision of the injunction that enjoins and restrains Appellant from "causing, encouraging, or conspiring with (a) any entity owned or controlled by him, and/or (b) any person or entity acting on his behalf, from, directly or indirectly, engaging in the Prohibited

---

[4] *See* Debtor's Brief in Support of Motion for Order to Show Cause, Adv. Dkt. 49.

Conduct" is likewise too broad, nonspecific, vague, and may, or purport to, enjoin unidentified third parties that are not a party to this proceeding and have complex rights and interests independent from Appellant. These entities were not a party to the underlying proceeding and the injunction does not specifically identify any entities besides Appellant. Because the injunction purports to restrain the independent actions of third parties from the same broad, vague, and nonspecific conduct as Appellant, it is improper and should be dissolved. As stated above, the imminent danger and prejudice here is readily apparent since the Debtor has asserted that letters (and only letters) sent by the attorneys of these third-party entities to Debtor's counsel violates the TRO entered against Appellant.

28.     In addition, while Appellant is bound to respect the automatic stay, the provision of the injunction that prevents Appellant from "violating section 362(a) of the Bankruptcy Code" is nonspecific, lacking in detail, and too vague as to be enforceable. There are no specific prohibited actions listed, and it is unclear what actions the Debtor may assert violate the automatic stay. This lack of specificity is material and significant because the Debtor has apparently taken the position that any action taken by Appellant or his related entities that *may* impact the property of non-Debtor subsidiaries may violate the automatic stay, despite asserting elsewhere in this case that the property held by these subsidiaries is not property of the estate or subject to the Bankruptcy Court's purview. Therefore, this provision of the injunction does not describe in reasonable detail the acts restrained and, in explicit violation of Rule 65(d), makes reference to an outside source.[5]

29.     While the above points were raised before the Bankruptcy Court at the preliminary injunction hearing, the Bankruptcy Court rejected these arguments. Accordingly, considering this

---

[5] *See* Fed. R. Civ. P. 65(d) ("Every order granting an injunction and every restraining order must . . . describe in reasonable detail—and **not by referring to the complaint or other document**—the act or acts restrained or required.") (emphasis added).

appeal on an expedited basis will advance the litigation and allow for prompt review of the legal questions raised by or in the Preliminary Injunction. Without an expedited appeal, Appellant may suffer significant, immediate and irreparable harm and his legal rights will be prejudiced in connection with the bankruptcy case and impending plan confirmation. In addition, not allowing an expedited appeal will significantly harm and prejudice Appellant as it will allow the Debtor to continue to initiate contempt proceedings against Appellant (as it has already done) based on all sorts of actions not specifically prohibited by the injunction but that the Debtor contends fall within the amorphous category of "indirect or direct" interference with the Debtor's business.

## **CONCLUSION**

For the foregoing reasons, Appellant respectfully requests that the District Court consider this Motion on an emergency basis and (i) enter an order granting this Motion, (ii) expedite the consideration of this appeal and resolve the appeal as promptly as possible, and (iii) provide Appellant such other and further relief to which he may be justly entitled.

**[Remainder of Page Intentionally Left Blank]**

Dated: January 24, 2021

Respectfully submitted,

*/s/ D. Michael Lynn*
D. Michael Lynn
State Bar I.D. No. 12736500
John Y. Bonds, III
State Bar I.D. No. 02589100
John T. Wilson, IV
State Bar I.D. No. 24033344
Bryan C. Assink
State Bar I.D. No. 24089009
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: michael.lynn@bondsellis.com
Email: john@bondsellis.com
Email: john.wilson@bondsellis.com
Email: bryan.assink@bondsellis.com

**ATTORNEYS FOR APPELLANT JAMES DONDERO**

## CERTIFICATE OF CONFERENCE

I, the undersigned, hereby certify that, on January 24, 2021, I provided advance notice of the Motion to counsel for Debtor-Appellee and attempted to confer with counsel for Debtor-Appellee regarding the relief requested herein. As of the filing of this Motion, however, no agreement has been reached and therefore the Motion is presented to the Court for its consideration.

*/s/ Bryan C. Assink*
Bryan C. Assink

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that, on January 24, 2021, a true and correct copy of the foregoing document was served via direct email and the Court's CM/ECF system on counsel for the Debtor-Appellee as listed below and on all other parties requesting or consenting to such service in this case.

Jeffrey N. Pomerantz
Ira D. Kharasch
John A. Morris
Gregory V. Demo
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Email:jpomerantz@pszjlaw.com
ikharasch@pszjlaw.com
jmorris@pszjlaw.com
gdemo@pszjlaw.com

*/s/ Bryan C. Assink*
Bryan C. Assink