D. Michael Lynn
State Bar I.D. No. 12736500
John Y. Bonds, III
State Bar I.D. No. 02589100
John T. Wilson, IV
State Bar I.D. No. 24033344
Bryan C. Assink
State Bar I.D. No. 24089009
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile

ATTORNEYS FOR APPELLANT JAMES DONDERO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 19-34054 |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.** | § | **Chapter 11** |
| | § | |
| Debtor. | § | |

| | | |
|---|---|---|
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | |
| | § | |
| Plaintiff. | § | |
| v. | § | **Adversary No. 20-03190** |
| | § | |
| **JAMES D. DONDERO,** | § | |
| | § | |
| Defendant. | § | |

| | | |
|---|---|---|
| **JAMES DONDERO,** | § | |
| | § | |
| Appellant, | § | |
| v. | § | |
| | § | **Civil Action No.** |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | **3:21-cv-00132-E** |
| | § | |
| Appellee. | § | |

## APPELLANT JAMES DONDERO'S REPLY IN SUPPORT OF
## EMERGENCY MOTION FOR EXPEDITED APPEAL
## AND MOTION FOR LEAVE TO APPEAL

TO THE HONORABLE ADA BROWN,
UNITED STATES DISTRICT JUDGE:

James D. Dondero ("Appellant"), the defendant in the above-captioned adversary proceeding and appellant in connection with this appeal, hereby files *Appellant James Dondero's Reply in Support of Emergency Motion for Expedited Appeal and Motion for Leave to Appeal*[1] in response to the *Debtor's Opposition to James Dondero's Motion for Leave to Appeal Preliminary Injunction* [Docket No. 5] and Brief in Support [Docket No. 6]. In support thereof, Appellant respectfully represents as follows:

**A. The Preliminary Injunction Should Be Appealable as of Right**

1.      In this case, applicable law and the broad, unclear, and potentially unlimited scope and permanent nature of the Preliminary Injunction demonstrate that the Preliminary Injunction should be appealable as of right.

2.      While the Fifth Circuit does not appear to have spoken on whether a party may appeal a grant of a preliminary injunction as of right, some Texas district courts have held that a party may appeal a preliminary injunction as of right.

3.      "Relying on 28 U.S.C § 1292, at least some courts have held that a party may appeal as of right the grant or denial of an injunction by the bankruptcy court." *Boyd v. Akard*, 2012 U.S. Dist. LEXIS 4753, *6-7 (W.D. Tex. January 17, 2012). (citing *In re Midstate Mortg. Investors Group*, Civ. A. No. 06-2581, 2006 U.S. Dist. LEXIS 82474, 2006 WL 3308585, at *4-5 (D.N.J. Nov. 6, 2006) ("where the orders entered in the bankruptcy court are in the form of injunctive relief, the district court, sitting as an appellate court, is authorized under § 1292(a) to hear the

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in *Appellant James Dondero's Emergency Motion for Expedited Appeal* [Docket No. 3] (the "Motion").

appeal without the need to resort to discretion to grant leave to appeal")). *See also In re Reliance Acceptance Group, Inc.*, 235 B.R. 548 (D. Del. 1999).

4.      Section 1292(a)(1) provides that "the court of appeals shall have jurisdiction of appeals from interlocutory orders of the district courts of the United States . . .or of the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, excerpt where direct review may be had in the Supreme Court." 28 U.S.C. § 1292(a)(1).

5.      Here, like other District Courts, including two in Texas, the Court should apply section 1292(a) by analogy to allow the appeal of the preliminary injunction as of right just as the court of appeals would in an appeal of an injunction from a district court. *See Boyd v. Akard*, 2012 U.S. Dist. LEXIS 4753, *6-7 (W.D. Tex. January 17, 2012); *In re Reserve Prod., Inc.,* 190 B.R. 287 (E.D. Tex. 1995) ("The wiser exercise of discretion is to apply § 1292(a)(1) by analogy and allow the appeal of the preliminary injunction."). *See also In re Reliance Acceptance Group, Inc.*, 235 B.R. 548 (D. Del. 1999).

6.      Moreover, allowing an appeal as of right makes sense in this case because Appellant's rights will be severely and potentially permanently impacted by the preliminary injunction and he will have no remedy at law or any opportunity for any court to review the bankruptcy court's preliminary injunction order without this appeal.

7.      In addition, the Preliminary Injunction may effectively be turned into a permanent injunction through the Debtor's Fifth Amended Plan of Reorganization (as modified) (the "Plan") because the Plan contains a provision that provides for the continuation of preconfirmation injunctions which extends and continues injunctions entered during the bankruptcy case, including this Preliminary Injunction, post-confirmation. Specifically, the Plan provides that "all injunctions

and stays entered during the Chapter 11 Case and in existence on the Confirmation Date shall remain in full force and effect in accordance with their terms,"[2] which could potentially extend the vague, overbroad, and unclear Preliminary Injunction into perpetuity. If that is the case, then the Debtor can effectively turn the Preliminary Injunction into a final judgment through the Plan, without the need to pursue the adversary proceeding to completion (it is conceivable that the Debtor may take the position that a hearing on the permanent injunction is no longer necessary as a result of this provision of the Plan). In that instance, the Preliminary Injunction is effectively a final judgment and should be appealable as of right on that basis as well.

**B. Even if the Preliminary Injunction is Not Appealable as of Right, Leave to Appeal Should be Granted**

8.      Even if the Preliminary Injunction is not appealable as of right, there is good cause to grant Appellant leave to appeal the Preliminary Injunction.

9.      28 U.S.C. § 158 permits interlocutory appeals to this Court from the bankruptcy court. It expressly provides that "the district courts of the United States shall have jurisdiction to hear appeals . . . (a)(3) with leave of the court, from other interlocutory orders and decrees; and with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title."

10.     "Section 158(a) does not provide a standard for a district court to use in determining whether to grant leave to appeal; however, the courts generally have applied the standard provided under 28 U.S.C. § 1292(b) for interlocutory appeals from district court orders to a court of appeals." *Golden Rests., Inc. v. Denar Rests., LLC (In re Denar Rests., LLC)*, No. 4:09-CV-616-A, 2010 U.S. Dist. LEXIS 3317, at \*35-36 (N.D. Tex. Jan. 14, 2010) (citing *Ichinose v. Homer*

---

[2] *See* Bankr. Dkt. No. 1808, Debtor's Fifth Amended Plan of Reorganization (as modified), Art. IX, Sec. G (pg. 58 of 66).

*Nat'l Bank*, 946 F.2d 1169, 1177 (5th Cir. 1991)). That standard includes the following elements: "(1) the existence of a controlling issue of law as to the interlocutory order, (2) as to which there is substantial ground for difference of opinion, and (3) that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Id.*; 28 U.S.C. § 1292(b).

11.     But with respect to an appeal of an order granting a preliminary injunction, however, "[c]ourts have held that the application of § 158 should be guided by § 1292(a), and thus generally permit interlocutory appeals of preliminary injunctions." *See Boyd v. Akard*, 2012 U.S. Dist. LEXIS 4753, *6-7 (W.D. Tex. January 17, 2012). (citing *In re Reserve Prod., Inc.,* 190 B.R. 287 (E.D. Tex. 1995) ("The wiser exercise of discretion is to apply § 1292(a)(1) by analogy and allow the appeal of the preliminary injunction.")); *Pipkin v. Jvm Operating, L.C.*, 197 B.R. 47, 52 (E.D. Tex. 1996) (same).

12.     Here, like other District Courts in Texas, the Court should apply section 1292(a) by analogy to allow the appeal of the preliminary injunction. *See In re Reserve Prod., Inc.,* 190 B.R. 287 (E.D. Tex. 1995) ("The wiser exercise of discretion is to apply § 1292(a)(1) by analogy and allow the appeal of the preliminary injunction.").

13.     In the event the Court finds that the standard provided by section 1292(b) should apply to appeals of a grant of a preliminary injunction, the Court should grant leave to appeal here because there is exists a controlling question of law as to which there is a substantial ground for difference of opinion and an immediate appeal from the order may materially advance the ultimate termination of the litigation.

14.     First, it is difficult to dispute that there exists a controlling question of law as to the Preliminary Injunction. "[A]ll that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district

court." *Arizona v. Ideal Basic Indus. (In re Cement Antitrust Litigation),* 673 F.2d 1020, 1026 (9th Cir. 1982); *Admiral Ins. Co. v. Willson (In re Cent. La. Grain Coop., Inc.),* 489 B.R. 403, 411 (W.D. La. 2013); *see also Aktiebolag v. Waukesha Cutting Tools, Inc.,* 640 F. Supp. 1139, 1141 (E.D. Wis. 1986). "[A] controlling question of law-although not consistently defined-at the very least means a question of law the resolution of which could materially advance the ultimate termination of the litigation-thereby saving time and expense for the court and the litigants." *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 723 (N.D. Tex. 2006).

15.    Here, the resolution of this appeal will certainly materially affect the outcome of litigation in the bankruptcy court and save time and expense for the court and litigants. First, the litigation itself is solely and entirely based on the Debtor's request for a preliminary, and eventually, a permanent injunction.[3] There are no other claims for relief in this adversary proceeding. The determination of whether the injunction is allowed in the first instance, and whether the injunction as entered satisfies applicable legal standards, clearly will materially affect the outcome of the litigation as these are the only issues involved. For example, if this Court finds that the injunction is over broad, lacking in specificity, vague, and unclear as to the acts restrained, the litigation in the bankruptcy court will be impacted as the injunction may be dissolved or otherwise modified. There is a substantial difference of opinion—as demonstrated among other things by the parties' dispute—that (i) cause existed for the injunction in the first instance; and (ii) whether the provisions of the injunction satisfy applicable legal standards, including Rule 65 of the Federal Rules of Civil Procedure. In addition, the issue as to whether the injunction satisfies applicable standards, including, for example, by being clear and specific, is essentially a

---

[3] *See* Complaint for Injunctive Relief [Adv. Dkt. 1] and Motion for Preliminary Injunction and Temporary Restraining Order [Adv. Dkts. 2 and 6].

controlling issue of law that this Court can determine by its review of the Preliminary Injunction and the relevant legal authority.

16.     The cases cited by Appellee in its response are vastly different than the case before the Court as those cases do not deal with whether there is cause to appeal a *preliminary injunction*.

17.     Here, unlike in situations where a party seeks to appeal an interlocutory order in the context of complex litigation or in the middle of a bankruptcy case, the appeal of the preliminary injunction will not delay the prosecution of the adversary proceeding because the only cause of action in the adversary proceeding is for preliminary and permanent injunctive relief. This is not a "piecemeal appeal" of any sort. Nor will the appeal of the preliminary injunction delay the bankruptcy case or reorganization, as confirmation is set for February 2, 2021. Rather, a favorable resolution of these issues will avoid protracted and expensive litigation by clarifying the propriety and/or scope of the Preliminary Injunction that could alleviate the parties from being involved in multiple proceedings and multiple appeals, including with respect to the pending Contempt Motion. *See Total Benefit Servs., Inc. v. Grp. Ins. Admin., Inc.*, U.S. Dist. LEXIS 4362, at \*5 (E.D. La. Mar. 25, 1993) ("Resolution of these issues could materially affect the outcome of the litigation. . . . Furthermore, a favorable resolution of these issues will avoid protracted and expensive litigation.").

18.     Finally, public policy and due process support Appellant's request for leave to appeal the Preliminary Injunction. If leave to appeal is not granted, Appellant's rights will be permanently impacted by the injunction and he will have no remedy at law or any opportunity for any court to review the bankruptcy court's preliminary injunction order. The Debtor's Fifth Amended Plan of Reorganization (as modified) provides that "all injunctions and stays entered during the Chapter 11 Case and in existence on the Confirmation Date shall remain in full force

and effect in accordance with their terms,"[4] which may effectively extend the vague, overbroad, and unclear Preliminary Injunction into perpetuity and has the effect of potentially turning the Preliminary Injunction into a final judgment. "As a policy matter, the rulings of a non-Article III bankruptcy court should not be more insulated from appellate review than the rulings of an Article III district court." *Clark v. Sanders (In re Res. Prod.)*, 190 B.R. 287, 290 (E.D. Tex. 1995).

### C. Considering this Appeal on an Expedited Basis is Warranted

19.      If there exists any matter which merits an expedited appeal, it is this one.

20.      The Debtor is using the broad, undefined, potentially unlimited and non-specific injunction as a weapon to threaten Dondero and his related entities to prevent them from exercising their legal rights in this case and going forward as the Debtor liquidates.

21.      This threat isn't a mere hypothetical. The Debtor has *already* moved for contempt against Appellant for actions that do not explicitly violate the TRO but the Debtor has asserted fall under the vague and nonspecific provisions of the TRO, including the provisions preventing "direct or indirect" interference with Debtor's business and those for violations of the automatic stay provision of 11 U.S.C. § 362(a).

22.      Specifically, the Contempt Motion seeks to hold Appellant in contempt of the TRO for (i) replacing a cell phone and disposing of an old cell phone, despite the TRO containing no applicable provisions restricting such behavior and there being no pending discovery at the time the phone was replaced; (ii) accessing the Debtor's nearly empty office space (which he was arguably entitled to do under certain shared services agreements) simply to appear for a deposition noticed by the *Debtor*, even though the Debtor did not request to restrict his access until nearly two weeks *after* the TRO was entered; and (iii) two letters exchanged between counsel for two

---

[4] *See* Bankr. Dkt. No. 1808, Debtor's Fifth Amended Plan of Reorganization (as modified), Art. IX, Sec. G (pg. 58 of 66).

third party entities to counsel for the Debtor that made certain requests, which requests the Debtor rejected and for which no additional action was taken by these third parties or Appellant himself.

23.     And there is more evidence that the Contempt Motion is being used as a weapon and that the Debtor did not file the contempt motion to seek redress for legitimate, clear violations of a court's order. The Debtor filed the Contempt Motion on the *eve* of the hearing on the Preliminary Injunction—and sought to have the Contempt Motion heard that very same day, on less than 24 hours' notice![5]

24.     This imminent threat of contempt for a vague, non-specific and unlawful injunction is all the more reason to expedite the appeal of this case. The Debtor's actions indicate that it has interpreted the TRO so broadly as to make it impossible for the Appellant to know what actions he can or cannot take.  The Preliminary Injunction is substantially similar to the TRO and identical in the particular areas of concern presented to the Court here. Given how the Debtor has moved for contempt based on the non-specific, broad, and unclear provisions of the TRO, there is an imminent danger that the Debtor will broadly interpret the terms of the Preliminary Injunction the same way, all without fair notice to the Appellant. With the Contempt Motion set for hearing next week, February 5, 2021,[6] the Court should consider this appeal as soon as possible.

25.     Further, the trial on the Debtor's request for a permanent injunction is not set until May 2021. If the injunction remains in place, Appellant will be bound by the Preliminary Injunction for this entire period, subjecting Appellant to the uncertainties of the terms of the injunction and the threat of contempt for months. In addition, during this period, Appellant may

---

[5] *See* Motion for Expedited Hearing [Adv. Dkt. 51].
[6] *See* Notice of Hearing [Adv. Dkt. 74]. On January 27, 2021, Appellant filed with the Bankruptcy Court an Emergency Motion to Continue the Hearing on the Contempt Motion [Adv. Dkt. 75], requesting that the Bankruptcy Court continue the hearing on the Contempt Motion while this appeal proceeds or, alternatively, requesting that the hearing be continued to the following week to allow Appellant sufficient time to present his defenses and case in chief. As of the filing of this reply, such motion has not been ruled on.

not be able to talk to the Debtor's employees and former employees (some of which are his friends), despite the fact that the vast majority of the Debtor's employees are to be terminated imminently under the Debtor's liquidation Plan.

26.    If the Court is inclined to set a hearing on Appellant's Motion, Appellant respectfully requests that the Court set the matter as soon as possible, especially because the Contempt Motion is set for February 5, 2021.

## **CONCLUSION**

For the foregoing reasons, Appellant respectfully requests that the District Court consider the Motion on an emergency basis and (i) enter an order granting the Motion, (ii) allow this appeal, expedite the consideration of this appeal, and resolve the appeal as promptly as possible, and (iii) provide Appellant such other and further relief to which he may be justly entitled.

Dated: January 28, 2021                    Respectfully submitted,

/s/ Bryan C. Assink
D. Michael Lynn
State Bar I.D. No. 12736500
John Y. Bonds, III
State Bar I.D. No. 02589100
John T. Wilson, IV
State Bar I.D. No. 24033344
Bryan C. Assink
State Bar I.D. No. 24089009
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: michael.lynn@bondsellis.com
Email: john@bondsellis.com
Email: john.wilson@bondsellis.com
Email: bryan.assink@bondsellis.com

**ATTORNEYS FOR APPELLANT JAMES DONDERO**

## **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that, on January 28, 2021, a true and correct copy of the foregoing document was served via direct email and the Court's CM/ECF system on counsel for the Debtor-Appellee as listed below and on all other parties requesting or consenting to such service in this case.

Jeffrey N. Pomerantz
Ira D. Kharasch
John A. Morris
Gregory V. Demo
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Email:jpomerantz@pszjlaw.com
ikharasch@pszjlaw.com
jmorris@pszjlaw.com
gdemo@pszjlaw.com

*/s/ Bryan C. Assink*
Bryan C. Assink