IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In Re: HIGHLAND CAPITAL MANAGEMENT, LP, § § §<br>Debtor. § | |
| § | Bankruptcy Case No. 19-34054-SGJ11 |
| JAMES DONDERO, § | |
| Appellant, § | Adversary No.: 20-03190-sgj |
| § | |
| v. § | Civil Action No. 3:21-CV-0132-E |
| § | |
| HIGHLAND CAPITAL MANAGEMENT LP, § | |
| Appellee. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Appellant James Dondero's Motion for Leave to Appeal (Doc. No. 2-1). Appellant seeks to appeal a bankruptcy court order granting a preliminary injunction against him. Having carefully considered the motion for leave to appeal, the parties' briefing, and applicable law, the Court finds the motion for leave to appeal should be DENIED.

In October 2019, debtor Highland Capital Management, L.P. filed a voluntary petition for bankruptcy under Chapter 11 of the Bankruptcy Code. The petition was filed in bankruptcy court for the District of Delaware, but later was transferred to this district. Appellant alleges he is "a creditor, indirect equity holder, and party in interest" in the bankruptcy case. In December 2020, Debtor initiated an adversary proceeding by filing a complaint seeking injunctive relief against Appellant. Upon Debtor's motion, and after a hearing, the bankruptcy court issued a preliminary injunction order. Among other things, the preliminary injunction enjoins Appellant from communicating with any Board member unless counsel for Appellant and Debtor are included in the communication; from physically or virtually entering Debtor's offices without the prior written

permission of Debtor's counsel; and from communicating with two specific individuals, former employees of Debtor, unless otherwise ordered by the court. In addition, Appellant must attend all future hearings in the bankruptcy case via video unless otherwise ordered by the court. The order remains in effect until the date that any plan of reorganization or liquidation resolving Debtor's case becomes effective or unless otherwise ordered by the bankruptcy court. Appellant filed a notice of appeal and an alternative motion for leave to appeal.

Citing 28 U.S.C. § 158(a) and 28 U.S.C. § 1292(a), Appellant asserts that he may appeal the bankruptcy court's preliminary injunction as a matter of right. Appeals from bankruptcy courts are governed by 28 U.S.C. § 158. It permits district courts to hear appeals from final bankruptcy judgments and, with leave of court, other interlocutory orders. Section 158(a)(3) expressly requires leave of the district court to appeal an interlocutory bankruptcy court order. 28 U.S.C. § 158(a)(3); *see* FED. R. BANKR. P. 8004(a).

Section 158(a)(3) does not provide a standard for determining when to grant leave. District courts have generally looked to the standard that applies for circuit court review of interlocutory district court orders, which is found in 28 U.S.C. § 1292. *See In re First Rep. Grp. Realty, LLC*, No. M47(SAS), 2010 WL 882986, at *1 (S.D.N.Y. Mar. 2, 2010). But there is a difference of opinion regarding whether to apply section 1292(a) or 1292(b) when the interlocutory order involved is a preliminary injunction. *See In re Reserve Prod.*, 190 B.R. 287, 289 (E.D. Tex. Oct. 3, 1995). The Fifth Circuit has left this issue open. *See Ichinose v. Homer National Bank* (*In re Ichinose*), 946 F.2d 1169, 1177 (5th Cir. 1991). Under 1292(a), a court of appeals has jurisdiction over an interlocutory order of a district court that grants an injunction. 28 U.S.C. § 1292(a). Under 1292(b), an interlocutory order is appealable when it involves "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from

2

the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

Section 158(a) plainly gives district courts discretion over whether to accept appeals from interlocutory bankruptcy court orders. Thus, "[i]t would make little sense for the bankruptcy appeals statute to group preliminary injunctions with other interlocutory orders but intend for 'leave to appeal' these injunctions to be granted as of right." *First Rep. Grp.*, 2010 WL 882986, at *1 (quoting *In re Quigley Co.*, 323 B.R. 70, 77 (S.D.N.Y. 2005)); *see In re Goldberg*, No. 16 C 6993, 2016 WL 6070364, at *3 (N.D. Ill. Oct. 17, 2016). Requiring leave in all instances is more faithful to the plain language of section 158(a)(3). *In re Goldberg*, 2016 WL 6070364, at 3. The Court concludes that any interlocutory appeal under section 158(a) requires leave of the district court and that such an appeal must meet the requirements set out in section 1292(b). *See In re Ichinose*, 946 F.2d at 1177 (stating, in case involving interlocutory bankruptcy court order that was not preliminary injunction, "the vast majority of district courts faced with the problem have adopted the standard under 28 U.S.C. § 1292(b)."); *but see In re Reserve Prod.*, 190 B.R. at 290 ("As a policy matter, the rulings of a non-article III bankruptcy court should not be more insulated from appellate review then the rulings of an Article III district court.").

In his motion for leave, Appellant argues that good cause exists to grant leave to appeal. He contends the injunction effectively permanently fixes his rights in the bankruptcy case. He further asserts the injunction is "overbroad, nonspecific, and inconsistent with applicable law" and violates his First Amendment rights. According to Appellant, granting leave to appeal will advance the litigation and allow for prompt review of the legal questions raised by the preliminary injunction. Debtor responds that appeals of interlocutory bankruptcy court orders are strongly disfavored and that interlocutory appeal is inappropriate under section 1292(b). Appellant argues

3

in his reply for the first time that if the Court applies 1292(b), the standard has been met because a controlling question of law has been presented: a question of law which could materially advance the ultimate termination of the litigation.

As stated, under section 1292(b), the interlocutory order must (1) involve a controlling issue of law and (2) present a question upon which there is substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). All three of the statutory criteria must be met before an interlocutory appeal is proper. *See Arparicio v. Swan Lake*, 643 F.2d 1109, 1110 n.2 (5th Cir. 1981). "[T]he Fifth Circuit disfavors interlocutory appeals" and leave to appeal is "sparingly granted." *See Odle v. Wal-Mart Stores Inc.*, No. 3:11-CV-2954-O, 2013 WL 66035, at *2 (N.D. Tex. Jan. 7, 2013) (citing *United States v. Garner*, 749 F.2d 281, 286 (5th Cir. 1985)).

Appellant asserts he has presented a controlling question of law because the issue on appeal could materially affect the outcome of litigation in the bankruptcy court and save time and expense for the court and litigants. Appeals under 1292(b) "were intended and should be reserved, for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts." *Oasis Res., LLC v. Carbonite, Inc.*, No. 4:10-CV-435, 2015 WL 12829617, at *3 (E.D. Tex. June 11, 2015) (quoting *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004)). A review of the preliminary injunction in this case would involve a fact-intensive analysis, not consideration of a pure question of law.

Accordingly, this Court finds Appellant has not sufficiently demonstrated the bankruptcy court order involves a controlling question of law. Because there is no controlling issue of law involved, the Court need not reach the issues of whether the preliminary injunction involves

4

questions with a substantial ground for difference of opinion or whether an immediate appeal would materially advance the ultimate termination of the litigation. *See* 28 U.S.C. §§ 158(a)(3); 1292(b). Appellant's Motion for Leave to Appeal is **DENIED**.

    **SO ORDERED.**

    Signed February 11, 2021.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE